UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61104-CV-GAYLES
MAGISTRATE JUDGE P.A. WHITE

LEANDER MCCOMB,  :

    Petitioner,  :

v.  :  **REPORT OF MAGISTRATE JUDGE**

JULIE L. JONES,  :

    Respondent.  :

## I. Introduction

Leander McComb, who is presently confined at Suwanne Correctional Institution-Annex in Live Oak, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction in case number 06-2008-CF018596A from the Seventeenth Judicial Circuit Court for Broward County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, the response to an order to show cause with an appendix of exhibits and the petitioner's reply.

## II. Procedural History

The petitioner was charged with one count of dealing in stolen property. (DE# 9-1, p. 5). Following a jury trial he was found guilty as charged in the indictment. (DE# 9-1, p. 7). He was adjudicated guilty and sentenced to 15 years imprisonment to run

concurrent with his sentences in another case. (DE#9-1, p. 9-13). He appealed. (DE# 9-1, p. 570). On May 8, 2014, his conviction and sentence were affirmed. McComb v. State, 138 So. 3d 1042 (Fla. 4th DCA 2014)(table). A Motion for Certification was denied on July 14, 2014. (DE# 9-1, p. 603-606).

While the appeal was pending the petitioner filed a motion for jail credit. (DE#9-1, p. 608-610). There is no indication that this motion was ever ruled upon. (DE# 9-1, p. 622).

On December 17, 2015, the petitioner filed a petition in the state appellate court alleging ineffective assistance of appellate counsel. (DE# 9-1, p. 624-636). He argued that counsel was ineffective for failing: (1) to argue that petitioner did not steal the property in question; (2) to argue that petitioner pawned the property with the intention of getting it back; (3) to respond to the state's arguments in its answer brief regarding the petitioner's taped statement; and (4) to correct several typographical errors in the trial transcript. On February 29, 2016 the appellate court denied the petition. (DE# 9-1, p. 642).

On May 17, 2016, the instant petition was filed. The petitioner raises four claims, arguing that (1) appellate counsel was ineffective for failing to argue he could not be charged with dealing in stolen property because he had not sold the property; (2) appellate counsel was ineffective for letting the state raise issues that were not raised during trial; (3) appellate counsel was ineffective for letting him be convicted by the trial transcripts that had several typographical errors; and (4) he is actually innocent of the charge because fingerprints taken from the victim's residence prove that someone else did the crime.

2

### III. Statute of Limitations

A one-year statute of limitations applies to a petition for writ of habeas corpus filed by a State prisoner. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or at the time when seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2).

The Supreme Court has held that the one-year limitations period is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631(2010). See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(holding that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing); Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999). It has been recognized that equitable tolling to the one-year limitations period is available in "rare and exceptional cases." See Lawrence v. Florida, 549 U.S. 327 (2007). For equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Lawrence, 549 U.S. at 336 (citation omitted).

3

The petitioner's conviction and sentence became final on August 7, 2014 when the time for filing a petition for writ of certiorari in the Supreme Court expired. See U.S.Sup.Ct.Rule 13; See Jackson v. Sec'y for Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002) (conviction final at end of 90 day period for seeking certiorari with U.S. Supreme Court). The instant petition was filed on May 17, 2016, more than one year after the conviction became final. Therefore, the petition is untimely unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. § 2244(d)(2).

The petitioner's motion for jail credit did not toll the limitations period as it was not properly filed under state law. The motion for jail credit was filed pursuant to Fla.R.Crim.P. 3.800(a). However, rule 3.800(a) provides "that a party may not file a motion to correct an illegal sentence under [that] subdivision during . . . the pendency of a direct appeal. Fla.R.Crim.P. 3.800(a). Since the motion was filed during the pendency of the appeal, it was not properly filed under state procedural rules and therefore had no tolling effect.

Even if the motion were to be construed as properly filed pursuant to Fla.R.Crim.P. 3.800(b)(2) because it was filed during the pendency of the appeal, it would have no tolling effect. A motion to correct a sentencing error filed pursuant to rule 3.800(b)(2) is deemed denied if not ruled upon within 60 days. See Fla.R.Crim.P. 3.800(b)(2)(b). Since the motion was filed on February 20, 2014, it was deemed denied on or April 21, 2014, nearly four months before his conviction became final. Thus the limitations period expired on August 7, 2015, as there were no pending properly filed state applications for post conviction

4

relief that extended the limitations period. The December 17, 2015 petition in filed in the appellate court had no tolling effect. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001)(petition for relief in state court filed after the federal limitations period has expired cannot toll the period because nothing remains to be tolled). The instant petition is untimely unless it meets an exception to the statute of limitations.

The petitioner has acknowledged that he is barred by the statute of limitations but has attempted to excuse his late filing by claiming he is "actually innocent." His argument is unavailing. The fundamental miscarriage of justice exception "is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." Herrera v. Collins, 506 U.S. 390, 404(1993). Thus in order to avail himself of the fundamental miscarriage of justice exception, the petitioner must establish that he is actually innocent.

The Supreme Court has held that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). Thus, to meet the actual innocence standard, a habeas petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (internal quotation marks and citation omitted). Furthermore, to make a sufficient showing of actual innocence, the petitioner must produce "'new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" Arthur v. Allen, 452 F.3d 1234, 1245 (11th Cir.2006) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)).

5

The petitioner has not presented any "new reliable evidence" to support his claim of actual innocence. He has not presented trustworthy eyewitness accounts, scientific evidence or critical physical evidence that was not available and presented at trial. The petitioner has merely alleged there are fingerprints taken at the victim's residence that prove someone else did the crime. The petitioner does not explain how a set of fingerprints could absolve him of the crime of dealing in stolen property. He does not allege how the fingerprints point to some other individual, nor has he identified this other individual. He has also failed to alleged that this evidence was not available at the time of his trial. Since the petitioner has failed to present any reliable new evidence that would cast doubt upon his guilt, he has failed to establish his factual innocence and cannot avail himself of this exception to the limitations period.

The petitioner has also argued that he is entitled to equitable tolling. He claims that his delay in filing the instant petition was due to difficulty getting to the law library. However, a prisoner's limited access to the law library and the innate difficulties experienced by incarcerated pro se litigants are not extraordinary circumstances warranting equitable tolling. See Dodd v. United States, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (prisoner separated from legal papers for over ten months did not meet "extraordinary circumstances" exception to the tolling limitations); see also Knight v. Sec'y, Fla. Dep't of Corr., 2011 WL 3349042 at *4 (M.D. Fla. Aug. 3, 2011)) ("neither an alleged inadequate prison law library, nor limited access to the library establishes extraordinary circumstances warranting an equitable tolling of the limitation period."); Williams v. United States, 2011 WL 1878124 at *3 (S.D. Fla. Apr. 25, 2011) (petitioner's prisoner status and the realities of incarceration are not

extraordinary circumstances sufficient to apply equitable tolling).

The petitioner has failed to establish that he is actually innocent or that he is entitled to equitable tolling. Since the petition was filed beyond the one year limitations period, it should be dismissed.

## IV. Certificate of Appealability

As amended effective December 1, 2009, §2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2254 Proceedings, Rule 11(b), 28 U.S.C. foll. §2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are clearly without merit, Petitioner cannot satisfy the *Slack* test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2254 Proceedings, Rule 11(a), 28 U.S.C. foll. §2254: "Before entering the final order, the

court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as untimely, that no Certificate of Appealability issue and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 8th day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Leander McComb
B04816
Suwanne Correctional Institution-Annex
Inmate Mail/Parcels
5964 US Highway 90
Live Oak, FL 32060
PRO SE

Sandra Lipman
Criminal Appeals Division
Office of the Attorney General
1 SE 3rd Ave.
9th Floor
Miami, FL 33131